UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DEMETRIOUS BOWERS,**

　　Petitioner,

v.　　　　　　　　　　　　　　　　　　　Case No: 5:23-cv-409-WFJ-PRL

**WARDEN, FCC COLEMAN – II,**

　　Respondent.
_____

## ORDER DISMISSING CASE

Petitioner, proceeding *pro se*, initiated this case by filing a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and is proceeding on his Petition (Doc. 1).

### I.　　BACKGROUND

In 2013, a jury found Petitioner guilty of eight counts of robbery, in violation of 18 U.S.C. § 1951(a), and eight counts of brandishing a firearm during and in relation to those robberies, in violation of 18 U.S.C § 924(c)(1)(A)(ii). *See* Case No. 8:12-cr-550-MSS-TGW (M.D. Fla). Petitioner was sentenced to concurrent terms of 140 months' imprisonment for the robberies, followed by a consecutive, total term of 182 years' imprisonment for the firearms violations. Petitioner appealed and the United States Court of Appeals for the Eleventh Circuit affirmed. *United States v. Bowers*, 811

F. App'x 412 (11th Cir. 2016). The Supreme Court denied Bowers' petition for writ of certiorari. *Bowers v. United States*, 136 S. Ct. 2401 (2016).

In 2017, Petitioner filed his 28 U.S.C. § 2255 motion. *See* Case No. 8:17-cv-01301-MSS-TGW (M.D. Fla). The Court appointed counsel for Bowers to specifically address the applicability of *Carpenter v. United States,* 138 S. Ct. 2206 (2018). *See* Doc. 20. In 2020, the District Court denied the motion and declined to issue a certificate of appealability. In 2021, the Eleventh Circuit denied the motion for certificate of appealability. *Bowers v. United States*, No. 20-14094-G, at *19-3 (11th Cir. Apr. 2, 2021).

## II.   ANALYSIS

Collateral attacks on the legality of a sentence must be brought under 28 U.S.C. § 2255. The text of the "savings clause" of section 2255(e) permits a federal prisoner to challenge his sentence under section 2241 only where "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner must prove that a section 2255 motion is "inadequate or ineffective." *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (*en banc*). In *McCarthan*, the Eleventh Circuit held that a prisoner has a "meaningful opportunity" to test his claim in a § 2255 motion even if that claim is foreclosed by binding precedent or barred by a procedural rule. *Id*. at 1086-87.

Absent narrow exceptions, the Eleventh Circuit has held that section 2241 is unavailable to challenge the validity of a sentence. *McCarthan,* 851 F.3d at 1079. The Eleventh Circuit recently provided examples in which, post-*McCarthan*, a motion to

vacate would be an inadequate mechanism to test a prisoner's claim and thus a section 2241 would be an appropriate vehicle to test that prisoner's claim:

> *McCarthan* gave three examples of when a motion to vacate would be an inadequate mechanism to test a prisoner's claim: (1) if a federal prisoner challenges the execution of his sentence, e.g., the deprivation of good-time credits or parole determinations; (2) if the sentencing court is unavailable or has been dissolved; or (3) if practical considerations, such as multiple sentencing courts, prevent a petitioner from filing a motion to vacate.

*Williams v. Warden, FCC Coleman*, 803 F. App'x 324, 326 (11th Cir. 2020) (internal citations omitted).

Although the examples provided by the *McCarthan* court are not exhaustive, if a prisoner's claim fits within those categories identified in *McCarthan*, he may file a section 2241 habeas petition under section 2255(e)'s saving clause. But again, the focus is whether the "prisoner's claim merely challenges 'the validity of his sentence.'" *Id.* (internal citations omitted). If that is the focus of the claim, the prisoner "cannot proceed under § 2241 because he could raise this claim in a § 2255 motion." *Id.* (internal citations omitted).

Petitioner claims he is "unlawfully serving a federal sentence after *Taylor* abrogated *St. Hubert* and the enhancement of 18 USC § 924(c) is unlawful." (Doc. 1 at 6). Petitioner further claims the judge had no authority to decide the sentencing order of the sentencing enhancements. *Id* at 7. Further, Petitioner claims his indictment and sentence is double jeopardy because the charge is not a cognizable offense against the

3

United States. *Id*. at 7. Finally, he claims he is not a career offender. *Id* at 8. For relief, Petitioner requests to be released from federal custody. *Id.*

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." *See also* Rule 12, Rules Governing Section 2255 proceedings. Here, Petitioner has failed to demonstrate that a motion to vacate filed under section 2255 is "inadequate or ineffective." *McCarthan*, 851 F.3d at 1081. Even construing his *pro se* petition liberally, as the Court must, his claim is not cognizable under section 2241 because he challenges the validity of his underlying sentence, not the execution of his sentence. Petitioner has failed to show the applicability of section 2255(e)'s savings clause, and this Court therefore lacks jurisdiction to adjudicate this section 2241 petition.

Thus, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (directing *sua sponte* dismissal if the petition and records show that the moving party is not entitled to relief), this case is **DISMISSED**. *See also* 28 U.S.C. § 2255(b). The **Clerk** is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Tampa, Florida, on August 25, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies to: Pro Se Petitioner